**OFFICE OF THE IMPARTIAL ARBITRATOR**
-------------------------------------X
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees

                    (Funds)

   -and-

McCarthy Development
                    (Employer)
-------------------------------------X
BEFORE: Robert Herzog, Esq.

OPINION

AND

**DEFAULT AWARD**

    McCarthy Development (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to Collective Bargaining Agreements, dated July 01, 2001 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter

1

collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a January 8, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of November 23, 2004 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated January 20, 2007 advised the Employer and the Funds that the arbitration hearing was scheduled for February 13, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on January 24, 2007 at 1:19 pm. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on February 10, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On February 13, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf

of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the November 23, 2004 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.
- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing

3

provision, the Employer did not consent to an audit of the Employer's books and records.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. McCarthy Development is in violation of the terms of the Collective Bargaining Agreements;

2. McCarthy Development is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of November 23, 2004 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. McCarthy Development shall pay to the Funds forthwith the Funds' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

   | | |
   |---|---|
   | Court Costs | $   350.00 |
   | Attorney's Fee | 1,500.00 |
   | Arbitrator's Fee | 500.00 |
   | TOTAL | $2,350.00 |

4. McCarthy Development shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand

three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Dated: February 17, 2007

Robert Herzog
Arbitrator

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: February 17, 2007

Robert Herzog
Arbitrator

To: McCarthy Development
    Attn: Mr. David McCarthy, Owner
    1686 Metropolitan Avenue
    Bronx, New York 10462

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014